Filed 8/18/20  P. v. Davis CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B303478 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. MA067384 |
| LLOYD CLIFTON DAVIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge. Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

Lloyd Clifton Davis appeals from the trial court's order denying his request "to correct and or clarify [his] Abstract of Judgment." Appellate counsel filed a brief raising no issues on appeal and asking us to review the record independently under *People v. Wende* (1979) 25 Cal.3d 436. After notifying defendant that he had 30 days to submit in writing any issues or arguments he wanted us to consider, defendant did not submit a response. Having reviewed the entire record, we have found no arguable appellate issues. We therefore affirm.

# BACKGROUND

In April 2016, defendant pled no contest to inflicting corporal injury on a spouse within seven years of being convicted of the same offense (Pen. Code,[1] § 273.5, subd. (f)(1)), a felony, and contempt of court (§ 166, subd. (c)(1)), a misdemeanor. Defendant also admitted four prior prison term enhancements (§ 667.5, subd. (b)) and a prior strike conviction (§§ 667, subd. (b), 1170.12, subd. (a)). The court sentenced defendant to a total of 15 years in state prison, consisting of a five-year term for violation of section 273.5, subdivision (f)(1), doubled to 10 years under the Three Strikes Law, plus four one-year terms for the prior prison term enhancements, plus a one-year term for violation of section 166, subdivision (c)(1), all of which the court ordered to run consecutively. The court awarded defendant 286 days of custody credits—143 days of actual custody credits and 143 days of good time credits—which are reflected in the sentencing minute order and abstract of judgment.

---

[1] All undesignated statutory references are to the Penal Code.

In July 2019, the warden of Folsom State Prison, where defendant has been serving his sentence, issued a "Memorandum" addressing defendant's appeal "relative to [defendant's] eligibility for early parole consideration under Proposition 57." Relevant here, the memorandum concludes that defendant has a total of 162 days of custody credits for purposes of calculating his nonviolent parole eligible date (NPED), consisting of the 143 days of actual custody credits awarded by the court plus 19 days of "Post Sentence Credits" awarded by the California Department of Corrections and Rehabilitation (CDCR). The Memorandum states that defendant's NPED is December 7, 2020.

In November 2019, defendant filed a letter in the trial court, claiming "the court has retracted it[s] [plea] agreement with [defendant] or CDCR has breached, changed or altered [defendant's plea] agreement with [the] court" because the CDCR reduced the amount of custody credits defendant was awarded at his sentencing hearing from 286 days to 162 days. Defendant argued the court has the authority to issue a new abstract of judgment or to order the CDCR to follow defendant's abstract of judgment. Defendant "formally request[ed] a clarification of the abstract of judgment issued [in April 2016] and or a new abstract of judgment," and he asked the court to "award [him] his 286 days toward his release date."

In December 2019, the court denied defendant's request, finding "the actions of the CDC[R] do not alter [defendant's] plea agreement" and that "[t]here is neither a legal basis nor any evidence to support" defendant's request.

Defendant appeals from the court's December 2019 order.

## DISCUSSION

On November 8, 2016, the California electorate passed Proposition 57, which amended the California Constitution to provide: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." (Cal. Const., art. 1, § 32, subd. (a)(1).) Under Proposition 57, the "primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (*Id.*, subd. (a)(1)(A).) Proposition 57 directed the CDCR to "adopt regulations in furtherance of these provisions[.]" (*Id.*, subd. (b).)

In its regulations implementing Proposition 57, the CDCR defines a "full term" of a primary offense as "the actual number of days, months, and years imposed by the sentencing court for the inmate's primary offense, not including any sentencing credits." (Cal. Code Regs., tit. 15, § 3490, subd. (e).) The regulations also provide that a qualifying inmate becomes eligible for parole consideration on his NPED. (*Id.*, subd. (f).) An inmate's NPED is the date on which the inmate has served "the full term" of his primary offense, "less *any actual days served prior to sentencing as ordered by the court under Section 2900.5 … and any actual days served in custody between sentencing and the date the inmate is received by the department.*" (*Id.*, subd. (f), italics added.) In other words, only an inmate's actual custody credits, and not any "good time" credits, are used to calculate the inmate's NPED under the CDCR's regulations.

We have examined the entire record and are satisfied appellate counsel has fully complied with counsel's responsibilities and no arguable issues exist in this appeal.

4

(*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende*, *supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

DHANIDINA, J.